# SUPREME COURT.

### The Town of Rochester agt. Jacob Davis *et al.*

An *injunction pendente lite* will issue to restrain town officers from the issuing of bonds of the town for railroad purposes where it is alleged that the town had no authority to create such bonds by reason of a defect in the petition of the tax payers of the town. The county clerk's certificate is not conclusive evidence of such authority.

*Albany Special Term, July,* 1872.

WESTBROOK & CANTINE, *for plaintiffs.*
GROO & LYON, *for defendants.*

LEARNED, *J.*—This action is brought to restrain the issue and negotiation by the defendants, Davis and others, of certain bonds of the plaintiffs about to be issued under so-called bonding acts in aid of the N. Y. & O. Midland R. R. Co., and the plaintiffs now move for an injunction *pendente lite*

I fully agree with the counsel for the defendants that injunctions *pendente lite* should be granted cautiously and only when necessity appears. Where, for instance, such an injunction would prevent a defendant from exercising what would ordinarily be a vested and personal right, where the threatened injury could be compensated by the recovery of damages; in these and in similar cases the court should hesitate to grant this remedy.

But the present is a very different case. The defendants Davis and others, commissioners are, under the statute, the *quasi* agents of the plaintiffs for the issuing of these bonds. They have no personal rights in the matter, but have only, as they claim, the authority to create a large debt which

Town of Rochester agt. Davis.

shall be in the name of the plaintiffs and binding on them. This debt, too, if once created, might be binding on the town even if the authority of the commissioners was obtained improperly, as the plaintiff claims that it was in fact. So that, if the bonds are once issued, the plaintiffs would seem to be remediless.

Nor can it be said that the railroad company, for whose benefit these bonds are to be issued, have any vested rights in the matter. The present, therefore, seems to be a proper case for an injunction *pendente lite*, if sufficient facts exist to maintain the plaintiffs' action.

I have examined the affidavits presented on both sides. It is not necessary to go over the details and discuss the alleged defects and insufficiencies in the consents. That will best be done on the trial. But without intending to pre-judge the case, as it may then appear, I think there is clearly enough to show that the bonds ought not to issue till the final decision. The question is whether the town, by a sufficient number of its tax-payers, has authorized the issue of these bonds. Unless this has been done the bonds ought not to issue.

It is said that the affidavit of the county clerk attached to the consents is, by statute, made evidence of the facts therein contained. If evidence, it is, at the most, not conclusive. And if the fact be, as alleged on the motion, that many of the signatures are forgeries, or, at least, are not in the handwriting of the persons whose they purport to be, certainly the county clerk's affidavit cannot, in such a suit as this, bar an investigation. I cannot think that in this suit, that affidavit can be conclusive on any of the objections presented by the plaintiffs.

Injunction granted.